Gregg A. Matson, Cal. Bar No. 145377
McANDREWS, ALLEN & MATSON, P.C.
1705 Walnut Avenue
Manhattan Beach, California 90266
Telephone: 310-866-8750
Facsimile: 310-451-3858
Email: greggmatson@gmail.com

Steven H. Mustoe KS 15212 | MO 33060
EVANS & DIXON, LLC
Corporate Woods | Building 82
10851 Mastin Blvd., Suite 900
Overland Park, Kansas 66210
Telephone: 913-701-6810
Facsimile: 913-341-2293
Email: copyright@evans-dixon.com
(Admitted Pro Hac Vice)
ATTORNEYS FOR PLAINTIFF
JOSEPH R. TOMELLERI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH R. TOMELLERI, | Case Number: 3:19-cv-03162-RS |
| Plaintiff, | |
| vs. | JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |
| TEESPRING, INC., | |
| Defendant. | |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

The parties do not dispute the court's subject matter jurisdiction over Plaintiff's claims. Plaintiff's Complaint names additional defendants as John Does. Plaintiff anticipates substituting those parties for the actual legal persons when their identities become known.

2. Facts

JOINT CASE MANAGEMENT                          1                        CASE NO.: 3:19-cv-03162-RS
STATEMENT & [PROPOSED] ORDER

Plaintiff is a fresh water fish illustrator in Leawood, Kansas. Plaintiff's portfolio of illustrations contains over a thousand individual illustrations of species from North America. Plaintiff, as of the date of this Joint Case Management Statement has discovered over the unauthorized use of sixteen (16) of his illustrations on Defendant Teespring's website.

Teespring disputes that it has engaged in any infringement of Plaintiff's alleged intellectual property. Teespring, headquartered in San Francisco, provides an online print-on-demand service at www.teespring.com where individual artists and creators can upload their designs and have them printed on t-shirts and similar apparel. Teespring prohibits infringement on its service and requires users to "represent and warrant that [they] own or are the licensee[s] of all trademark rights, copyrights, rights of publicity and other intellectual property or other proprietary rights necessary to create and conduct [a] campaign." Teespring also responds expeditiously to notices of claimed infringement submitted under the Digital Millennium Copyright Act, 17 U.S.C. § 512(c) ("DMCA") and terminates the accounts of repeat infringers in appropriate circumstances.

Information about the John Doe defendants is limited or non-existent at this time.

3. <u>Legal Issues</u>

Plaintiff's Summary of Key Legal Issues

Plaintiff believes there are no material disputed facts on issues related to copying of his copyrighted works identified in the Complaint. Therefore, the sole legal issue is the amount of damages under 17 U.S.C. § 504 for the copyright infringement claim.

For the DMCA violations alleged in Plaintiff's Complaint, there are issues related to: the extent of copyright management information accompanying the image files upload to Defendant Teespring's website; the number of times that copyright management information was removed and/or manipulated; the copyright management information that replaced Plaintiff's copyright management information; and damages under 17 U.S.C. § 1203.

Defendant's Summary of Key Legal Issues

- Are Plaintiff's federally registered copyrights valid?
- Does Plaintiff own protectable rights in the works at issue?
- Did Teespring infringe any of Plaintiff's intellectual property rights?
- Did Teespring willfully infringe any of Plaintiff's intellectual property rights?
- Is Teespring immune from suit under the safe harbors provided by the Digital Millennium Copyright Act or other law?
- Are damages appropriate, and, if so, whether actual damages, profits, or statutory damages are the proper measure of damages?
- Is any party entitled to attorneys' fees and costs, and, if so, for what claims and in what amount?
- Is permanent injunctive relief appropriate?

4. Motions

There are no current motions before the Court. The parties anticipate the entry of a protective order as discovery progresses to protect sensitive and proprietary information.

5. Amendment of Pleadings

Plaintiff anticipates amending its pleadings to identify the John Does named in this lawsuit. Plaintiff also anticipates amending its pleadings to add additional defendants that use Plaintiff's works on Defendant Teespring's website as Plaintiff continues to monitor Defendant Teespring's website for continued uses of his works and/or additional uses of his works.

6. Preservation of Evidence

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties hereby confirm they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures

The parties have not yet exchanged their Rule 26(a) Initial Disclosures but agree to provide

each other with their disclosures by February 28, 2020.

8. Discovery

The parties have not engaged in any formal discovery to date but have informally exchanged information. The parties do not foresee any need to expand or restrict the scope of discovery. Further, the parties anticipate eight (8) months as sufficient time for discovery.

9. Class Actions

This is not a class action lawsuit.

10. Related Cases

Per the Court's order of December 4, 2019 (Doc. 19), this case is related to the following actions:

*Stay Frosty Enterprises, LLC v. Teespring, Inc.*, No. 19-cv-04607;

*Olenick v. Teespring, Inc.*, No. 19-cv-06851; and

*Blackman v. Teespring, Inc.*, No. 19-cv-01494.

11. Relief

Plaintiff seeks relief under 17 U.S.C. § 504 and 17 U.S.C. § 1202. Plaintiff can elect either actual damages or statutory damages, but Plaintiff is not yet prepared to make that election. Assessment of actual damages under § 504 is subject to further information in possession of Defendant Teespring. There are currently sixteen (16) works with a commensurate sixteen (16) calculations of statutory damages under 17 U.S.C. § 504(c). Plaintiff's claims for false copyright management information under § 1202 is subject to further information in possession of Defendant Teespring. Plaintiff also seeks his costs and attorney fees under 17 U.S.C. § 505 and 17 U.S.C. § 1203.

Defendant denies Plaintiff is entitled to any relief in this action.

12. Settlement and ADR

The parties have engaged in settlement negotiations. The parties have discussed possible private mediators and the district's magistrate judges as mediators for this matter. The parties were not able to find a mutually agreeable date.

13. <u>Consent to Magistrate Judge for All Purposes</u>

Whether all parties will consent to have a magistrate judge conduct for all further proceedings including trial and entry of judgment. YES ___ NO X

14. <u>Other References</u>

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties are unable to narrow any issues related to this action presently.

16. <u>Expedited Trial Procedure</u>

The parties do not believe there is a need to expedite this action under General Order 64.

17. <u>Scheduling</u>

The parties agree on the current dates:

    Initial ADR session –

        The parties propose an ADR cutoff date of June 30, 2020.

    Designation of Experts

        Parties with the burden of proof shall designate experts within six (6) months of the discovery period. Rebuttal experts shall be designated thirty (30) after the initial expert disclosure.

    Discovery Cutoff –

        Discovery cutoff shall be eight (8) months from when the Court enters this order.

    Hearing of Dispositive Motions

        The hearing of dispositive motions shall occur sixty (60) days before trial.

    Pretrial Conference

        The pretrial conference shall occur as soon as the Court deems appropriate.

Trial

The parties anticipate a trial length of four (4) to five (5) days.

18. Trial

The parties have demanded a jury trial for this matter on all issues so triable. The expected length of the trial for this matter is four (4) to five (5) days.

19. Disclosure of Non-party Interested Entities or Persons

Each party has filed its Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15. Other than the parties themselves, no other persons or entities are known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

The parties are unaware of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: _____
Steven H. Mustoe (admitted pro hac vice)
EVANS & DIXON, LLC

Dated: 2-6-20 _____
Gregg Matson
McANDREWS, ALLEN & MATSON, P.C.

Dated: _____
Jamie Otto
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT JUDGE